UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSHUA HENDERSON,

                              Plaintiff,

      -against-                                         9:22-CV-0242 (LEK/ATB)

BRYAN POPP, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

*Pro se* plaintiff Michael Joshua Henderson commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("IFP Application"). By Memorandum-Decision and Order entered on May 12, 2022, the Court granted Plaintiff's IFP Application and, following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed some of Plaintiff's claims and found that the following claims survived sua sponte review and required a response: (1) Plaintiff's First Amendment retaliation claims against Defendants McLenithan, Guyette, Worth, Popp, Hamel, Fraser, Officer Doe, and Jones; (2) Plaintiff's Fourteenth Amendment substantive due process claims against Defendants McLenithan, Guyette, Worth, Popp, Hamel, Fraser, Officer Doe, Jones, Scarlotta, and Officer Roe; (3) Plaintiff's Fourteenth Amendment procedural due process claim against Officer Doe; (4) Plaintiff's Eighth Amendment failure-to-protect and excessive force claims against Popp; (5) Plaintiff's Section 1983 conspiracy claims against Guyette, Worth, Popp, Hamel, Fraser, and Officer Doe; and (6) Plaintiff's state law intentional infliction of emotional distress claims

against McLenithan, Guyette, Worth, Popp, Hamel, Fraser, and Jones. Dkt. No. 4 ("May 2022 Order"). Because service could not be effected on Captain Fraser, Officer Doe, and Officer Roe, the Court directed the Clerk of Court to send a copy of the Complaint and May 2022 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), ascertain the full names of these Defendants. Id. at 49–50.

Thereafter, a representative from the New York State Attorney General's Office provided an address for service for Fraser and separately filed a Status Report regarding Officers Doe and Roe, and the summons issued for Worth was returned unexecuted, with a notification of his death. See Dkt. No. 9 ("Fraser Letter"); Dkt. No. 10 ("Status Report"); Dkt. No. 13 ("Unexecuted Summons"). By Decision and Order entered on June 27, 2022, the Honorable Andrew T. Baxter, United States Magistrate Judge, addressed the Status Report and Unexecuted Summons, among other things, and directed Plaintiff to do the following within thirty (30) days: (1) review the Status Report and submit an amended complaint in the event that he is able to identify Officer Doe and/or Officer Roe as Corrections Lieutenant Daniel Reynolds and wishes to add this official as a Defendant in this action; and (2) notify the Court if he does not wish to proceed against Worth's successor. Dkt. No. 14 ("June 2022 Order").

Presently before the Court is Plaintiff's amended complaint, which he submitted with a cover letter advising that he does not wish to proceed with claims against Worth's successor. See Dkt. No. 18 ("Cover Letter"); Dkt. No. 18-1 ("Amended Complaint").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Original Complaint and May 2022 Order

In his original Complaint, Plaintiff asserted allegations of wrongdoing based on events that occurred between March 2019 and June 2020, while he was incarcerated at Great Meadow Correctional Facility. See generally Compl. After reviewing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that the following claims survived sua sponte review: (1) Plaintiff's First Amendment retaliation claims against McLenithan, Guyette, Worth, Popp, Hamel, Fraser, Officer Doe, and Jones; (2) Plaintiff's Fourteenth Amendment substantive due process claims against McLenithan, Guyette, Worth, Popp, Hamel, Fraser, Officer Doe, Jones, Scarlotta, and Officer Roe; (3) Plaintiff's Fourteenth Amendment procedural due process claim against Officer Doe; (4) Plaintiff's Eighth Amendment failure-to-protect and excessive force claims against Popp; (5) Plaintiff's Section 1983 conspiracy claims against Guyette, Worth, Popp, Hamel, Fraser, and Officer Doe; and (6) Plaintiff's intentional infliction of emotional distress claims against McLenithan, Guyette, Worth, Popp, Hamel, Fraser, and Jones. See May 2022 Order at 50. Plaintiff's remaining Section 1983 claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. Id. at 51

### B.    Review of the Amended Complaint

Because Plaintiff is proceeding IFP and is an inmate suing government employees, his proposed Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2022 Order and need not be restated in this Decision and Order. See May 2022 Order at 2–4.

Plaintiff's Amended Complaint is materially similar to the original Complaint, except that Plaintiff has now identified Corrections Lieutenant Reynolds as a Defendant in place of Officer Doe and Officer Roe, and updated his address. See generally Am. Compl.[1]

Insofar as the Amended Complaint re-asserts any of the Section 1983 claims that were previously dismissed, those claims are once again dismissed for the reasons set forth in the May 2022 Order.

Insofar as the Amended Complaint names Corrections Lieutenant Reynolds as a Defendant in place of Officer Doe and Officer Roe, and reasserts claims against officials other than Worth that previously survived sua sponte review, these claims survive sua sponte review and require a response for the reasons set forth in the May 2022 Order. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Since the Amended Complaint does not include any "Doe" or "Roe" Defendants, the Clerk is directed to terminate Officer Doe and Officer Roe as Defendants. In addition, in light of Plaintiff's express statement in his Cover Letter that he does not wish to purse claims against Worth's successor and his failure to substitute Worth's successor as a party in the Amended Complaint, Worth is dismissed from this proceeding in accordance with Rules 15(a) and 41(a) of the Federal Rules of Civil Procedure.[2]

---

[1] The Clerk is directed to add Corrections Lieutenant Reynolds to the docket as a Defendant.

[2] "[D]istrict courts within the Second Circuit have . . . adopted the approach . . . that Rule 41(a) does not require dismissal of the action in its entirety." Seidman v. Chobani, LLC, No. 14-CV-4050, 2016 WL 1271066, at *1 (S.D.N.Y. Mar. 29, 2016) (citing cases). Accordingly, "Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants." Blaize-Sampeur v. McDowell, No. 05-CV-4275, 2007 WL 1958909, at *3 (E.D.N.Y. June 29, 2007). The Second Circuit "has stated that 'the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a).'" Seidman, 2016 WL

III.     **CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that the proposed Amended Complaint (Dkt. No. 18-1) is accepted for filing and will supersede and replace the original Complaint as the operative pleading; and it is further

**ORDERED**, that the Clerk shall docket the Amended Complaint (Dkt. No. 18-1) separately; and it is further

**ORDERED**, that the Clerk shall add Corrections Lieutenant Daniel Reynolds to the docket as a Defendant; and it is further

**ORDERED**, that the following claims **SURVIVE** sua sponte review and require a response: (1) Plaintiff's First Amendment retaliation claims against McLenithan, Guyette, Popp, Hamel, Fraser, Reynolds, and Jones; (2) Plaintiff's Fourteenth Amendment substantive due process claims against McLenithan, Guyette, Popp, Hamel, Fraser, Reynolds, Jones, and Scarlotta; (3) Plaintiff's Fourteenth Amendment procedural due process claim against Reynolds; (4) Plaintiff's Eighth Amendment failure-to-protect and excessive force claims against Popp; (5) Plaintiff's Section 1983 conspiracy claims against Guyette, Popp, Hamel, Fraser, and Reynolds;

---

1271066, at *2 (quoting Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985)). "District courts in this Circuit have interpreted this to mean that 'although a motion to eliminate only certain claims [pursuant to Rule 41] may actually be a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two." Thorpe v. City of New York, No. 19-CV-5995, 2022 WL 3112125, at *1 (S.D.N.Y. Aug. 4, 2022) (quoting Seidman, 2016 WL 1271066, at *2). Accordingly, as with a motion to amend, the Court can allow a voluntary dismissal of certain claims pursuant to Rule 41, provided that doing so will not prejudice the defendants. See Seidman, 2016 WL 1271066, at *2.

and (6) Plaintiff's intentional infliction of emotional distress claims against McLenithan, Guyette, Popp, Hamel, Fraser, and Jones;[3] and it is further

**ORDERED**, that the Clerk shall issue a summons for Reynolds and re-issue summonses for personal service on Richard Guyette, Scott Hamel, Laura Jones, Austin McLenithan, Bryan Popp, and F. Scarlotta and forward them, along with copies of the Amended Complaint and this Decision and Order, to the United States Marshal for service on these officials.[4] The Clerk shall also forward a copy of the summons and Amended Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that Plaintiff's claims against Worth are **DISMISSED without prejudice** as set forth above; and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Officer Roe, Officer Doe, and Worth as parties to this proceeding; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by the remaining Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office

---

[3] The Court previously granted Plaintiff leave to proceed with this action *in forma pauperis*. See May 2022 Order. Although Plaintiff's IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[4] The summonses for Richard Guyette, Scott Hamel, Laura Jones, Austin McLenithan, Bryan Popp, and F. Scarlotta were returned unexecuted. Dkt. No. 16.

for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff, along with a copy of the Amended Complaint.

**IT IS SO ORDERED.**

DATED:	August 23, 2022
	Albany, New York

LAWRENCE E. KAHN
United States District Judge