UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL J. HENDERSON,

                Plaintiff,

   -against-                                          9:22-cv-0242 (AMN/MJK)

BRYAN POPP, *et al.*,

                Defendants.

---

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHAEL JOSHUA HENDERSON**
06-A-5461
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
Plaintiff, *pro se*

**HON. LETITIA JAMES**                         **ALEXANDRA L. GALUS, ESQ.**
Attorney General of the State of New York     Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On April 3, 2024, Defendants filed a motion for summary judgment seeking dismissal of the Amended Complaint with prejudice. *See* Dkt. No. 59 (the "Motion"). This matter was referred to United States Magistrate Judge Mitchell J. Katz, who, on March 4, 2025, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that the Motion be granted as to Defendants Guyette, McLenithan, Popp, Fraser, and Hamel, and denied as to the

retaliation claim against Defendant Jones.  *See* Dkt. No. 75.  Magistrate Judge Katz also recommended that the Court schedule an exhaustion hearing as to the remaining claim.  *Id.*  Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id*. at 70.  Neither party filed timely objections, though Plaintiff requested an extension of 120 days "if [this Court] hasn't already rendered a decision in [Plaintiff's] favor."  *See* Dkt. No. 76.

The Court adopted the Report-Recommendation in its entirety.  Dkt. No. 77.  However, the Court also noted that after issuing its decision, the Court would permit Plaintiff to file objections to the Report-Recommendation within 45 days of the issuance of the Court's decision and order.  *Id.* at 3 n.4.  The Court noted that it would assess whether those objections warranted reconsideration of the adoption of the Report-Recommendation.  *Id.*  Plaintiff filed objections on April 10, 2025.  Dkt. No. 78.  Defendant Jones filed a response on April 21, 2025.  Dkt. No. 79.

For the reasons stated below, after considering Plaintiff's objections, the Court reaffirms its adoption of the Report-Recommendation as clarified herein.

**II.    STANDARD OF REVIEW**

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the

2

magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Plaintiff has not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. Therefore, the Court adopts Magistrate Judge Katz's summary of the factual background and applicable law and presumes familiarity with those matters for the

purposes of this decision. Plaintiff otherwise makes three objections to the Report-Recommendation.

### A. Additional Evidence

First, Plaintiff objects to the dismissal of all claims against Defendant Popp based on a "recently received" affidavit that was not presented to Magistrate Judge Katz. Plaintiff attests that he gave his former neighbor at Great Meadow Correctional Facility the affidavit to sign "last year[.]" Dkt. No. 78 at 1. However, Plaintiff asserts he could not submit the affidavit before Magistrate Judge Katz because he and his former neighbor "got separated[.]" *Id.* The affidavit purportedly provides additional evidence that Defendant Popp falsified a misbehavior report and encouraged an assault on Plaintiff by another incarcerated individual.

While framed as an objection, Plaintiff in fact seeks to present new evidence not previously presented to Magistrate Judge Katz. "[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y., 2018), *aff'd*, 968 F. 3d 216 (2d Cir. 2020). "The submission of new evidence following such a Report is merited only in rare cases, where the party objecting to a Report has offered 'a most compelling reason' for the late production of such evidence, . . . or a 'compelling justification for its failure to present such evidence to the magistrate judge.'" *Id.* (internal citations omitted); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018).

The Court finds that Plaintiff has failed to provide "compelling justification" for his failure to present the affidavit before Magistrate Judge Katz. In his initial response to Defendants' motion for summary judgment, Plaintiff attached a separate affidavit, by the same individual, dated June

4

8, 2020. *See* Dkt. No. 67-2 at 12-14. The new affidavit attests to events which seem to have occurred in the weeks following January 2020, though the affidavit does not provide an exact date. *See* Dkt. No. 75 at 15-17, 47 (describing the allegations against Defendant Popp); *see also* Dkt. No. 67 at 13-14 (attesting to the interaction between Plaintiff and Defendant Popp which the individual purportedly observed). Therefore, the individual likely possessed the knowledge which forms the basis for the new affidavit at the time he signed the previous affidavit, yet Plaintiff fails to explain why the facts included in the newly offered affidavit were not included in the initial affidavit. Regardless, the proposed affidavit itself says that it was executed on February 20, 2024, more than a year prior to Magistrate Judge Katz's Report-Recommendation. Dkt. No. 78 at 4. Plaintiff's vague assertion that he and his neighbor were "separated" cannot justify such a lengthy delay. As such, the Court will not consider the newly submitted affidavit.

### B. Compensatory Damages

Second, Plaintiff objects to the Report-Recommendation's finding that, pursuant to 42 U.S.C. § 1997(e)(e), Plaintiff may not recover compensatory damages for mental or emotional injury suffered. *See* Dkt. No. 78 at 2. Plaintiff argues that the statute is unconstitutional to the extent that it applies to First Amendment claims and that he should be able to recover compensatory damages for the mental and emotional harm caused by the remaining First Amendment violations. *Id.* (citing *Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 815-18 (E.D. Mich. 2006)). Defendants do not respond to this specific objection. Plaintiff did not raise this issue in response to Defendants' initial argument that compensatory damages were barred before Magistrate Judge Katz. *See* Dkt. No. 59-2 at 26-28. "[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." *James L.E. v. Comm'r of Soc. Sec.*, 5:23-CV-0630 (BKS/CFH), 2024 WL 5052951,

at *1 (N.D.N.Y. Dec. 10, 2024) (citation omitted).  However, in light of Plaintiff's *pro se* status, the Court finds the objection warrants clarification of the Report-Recommendation.

The Prison Litigation Reform Act ("PLRA") provides in relevant part that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997(e)(e).  The statute is "generally interpreted to preclude a prisoner complaining of mental and emotional injury during imprisonment, without a showing of physical injury, from receiving an award of compensatory damages."  *Walker v. Schult*, 45 F.4th 598, 612 (2d Cir. 2022) (citation omitted).  However, other forms of relief such as "nominal or punitive damages, or injunctive and declaratory relief" remain available under the statute.  *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).

Despite its generally preclusive nature, § 1997(e)(e) does not bar an award of damages to compensate for a First Amendment violation in and of itself.  *See Brandon v. Kinter*, 9:13-cv-00939 (BKS/ATB), 2023 WL 2382637, at *26 (N.D.N.Y. Mar. 6, 2023) (citing *Toliver v. City of New York*, 530 F. App'x 90, 93 n.2 (2d Cir. 2013)).  Put differently, Plaintiff may not recover for mental or emotional harms, but he can recover "for the injury resulting from Defendants' violation of his First Amendment rights."  *Id.*  Courts have described this kind of injury as separate from any "physical, mental, or emotional injury" and thus found that damages for such an injury are recoverable under the statute.  *See Ford v. McGinnis*, 198 F. Supp. 2d 363, 366 (S.D.N.Y. 2001) ("In other words, a prisoner suffers damages, *per se*, when his First Amendment rights are violated, 'wholly aside' from any physical, mental or emotional injury." (citation omitted)).  Therefore, "a First Amendment deprivation presents a cognizable injury standing alone and the PLRA 'does not bar a separate award of damages to compensate the plaintiff for the First Amendment violation in

6

and of itself.'" *Lipton v. County of Orange, NY*, 315 F. Supp. 2d 434, 457 (S.D.N.Y. Apr. 14, 2004) (quoting *Ford*, 198 F. Supp. 2d at 366).

Because the issue was not raised, neither the Report-Recommendation nor this Court's Decision and Order adopting that Report-Recommendation touched on the distinction between the compensatory damages sought by Plaintiff for the mental and emotional injuries he alleged and the potential for compensatory damages related to the separate injury of a violation of his First Amendment rights. Therefore, the Court clarifies that Plaintiff is permitted to pursue compensatory damages resulting from the alleged violation of his First Amendment rights in and of itself, in addition to the other forms of relief already identified in this Court's Decision and Order.

### C. Delay

Plaintiff's third objection reiterates the reasons behind his initial request for an extension to file objections. The Court has already granted that extension, *see* Dkt. No. 77 at 3 n.4, and Plaintiff filed his objections accordingly, Dkt. No. 78. The Court does not interpret Plaintiff's third objection to be an objection to the substance of the Report-Recommendation.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the Report-Recommendation, Dkt. No. 75, are **ADOPTED as clarified herein**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[1]

---

[1] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.

**IT IS SO ORDERED.**

DATED:  May 19, 2025
        Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge