UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL J. HENDERSON,

                              Plaintiff,                    9:22-CV-242 (AMN/MJK)

v.

LAURA JONES,

                              Defendant.

---

APPEARANCES:                              OF COUNSEL:

BOND, SCHOENECK & KING, PLLC              ERIC M. O'BRYAN, ESQ.
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211
*Attorneys for Plaintiff*

NEW YORK STATE OFFICE OF THE              ALEXANDRA L. GALUS, ESQ.
ATTORNEY GENERAL                          BRIAN P. HENCHY, ESQ.
State Capitol
Albany, NY 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On March 14, 2022, Plaintiff Michael J. Henderson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against various employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff later filed an Amended Complaint that United States Senior District Judge Lawrence Kahn accepted for filing on August 23, 2022. Dkt. No. 18-1 ("Amended Complaint"). After discovery, defendants moved for summary judgment. Dkt. No. 59. On March 4, 2025, United States Magistrate Judge Katz issued a Report-

1

Recommendation and Order ("Initial Report-Recommendation") recommending that this Court grant summary judgment as to Plaintiff's claims against all defendants except for his First Amendment retaliation claim against defendant Laura Jones ("Defendant"). Dkt. No. 75 at 69.[1] As to Defendant, Magistrate Judge Katz recommended that the Court order an exhaustion hearing addressing whether Plaintiff had exhausted his administrative remedies regarding his claim against her. *Id.* This Court adopted the Initial Report-Recommendation in its entirety, ordered an exhaustion hearing, and referred the matter back to Magistrate Judge Katz. Dkt. No. 77.

Magistrate Judge Katz conducted an exhaustion hearing on October 20, 2025. Dkt. No. 110.[2] On January 12, 2026, Magistrate Judge Katz issued a Report-Recommendation and Order ("Report-Recommendation") ultimately recommending that the Court find that Plaintiff had exhausted his available administrative remedies regarding his First Amendment retaliation claim against Defendant. Dkt. No. 114. Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Katz advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 32. No party has filed objections, and the time for filing objections has expired.

For the reasons that follow, the Court accepts the Report-Recommendation in part and dismisses Plaintiff's claim for failure to exhaust his administrative remedies.

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

[2] During the exhaustion hearing, Defendant called two witnesses: Alexandra Cutler and Rachel Seguin. At all relevant times, Ms. Cutler was the Incarcerated Grievance Program Supervisor at Great Meadow Correctional Facility ("Great Meadow") and Ms. Seguin was Director of the DOCCS Incarcerated Grievance Program. Dkt. No. 110 at 7:18-8:19, 30:8-14. In addition, Plaintiff testified on his own behalf. *Id.* at 68:12-88:18.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).   If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).   Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases).   "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

## III.   DISCUSSION

In the Initial Report-Recommendation, Magistrate Judge Katz observed that Plaintiff's claims against Defendant "are the proper subject for a grievance under DOCCS' grievance procedures outlined in 7 N.Y.C.R.R. § 701.1 *et seq.*"   Dkt. No. 75 at 25; *see also Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 81 (2d Cir. 2021) ("DOCCS regulations establish a three-step Inmate Grievance Program ('IGP') consisting of: (1) a complaint to the Inmate Grievance Resolution Committee (the 'IGRC') at the individual correctional facility; (2) an appeal to the facility's superintendent; and (3) a further appeal to the Department's Central Office Review Committee ('CORC').") (citing N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.1(c), 701.5(a)-(d)).   Magistrate

3

Judge Katz further found that this grievance process was available to Plaintiff.  Dkt. No. 75 at 27

("Plaintiff's reliance on the fact that the grievance process was 'unavailable' to him, is belied by

the documentary evidence.  *No trier of fact could look at the record and conclude anything else.*

The uncontroverted documentary evidence shows that Great Meadow had a functioning grievance

system, including appeals, and that Plaintiff availed himself of the same when it suited him.  The

uncontroverted evidence also shows that the grievance system was able to, and did in fact, provide

remedies to aggrieved inmates.  In addition, the record of Plaintiff's use of the grievance process

proves that the system could be readily navigated by him.") (emphasis added) (citation omitted).

Magistrate Judge Katz then examined the summary judgment record and found it insufficient to

determine whether Plaintiff had exhausted his claim by (i) filing the necessary initial grievance,

and (ii) ultimately appealing that grievance to CORC.  *Id.* at 18, 27-32.  The hearing recommended

by Magistrate Judge Katz and subsequently ordered by this Court was to develop this portion of

the factual record.  *See generally* Dkt. Nos. 77, 80.

Following that hearing, Magistrate Judge Katz now recommends that the Court make a

series of findings.  With respect to the first factual question, Magistrate Judge Katz recommends

finding that Plaintiff had filed the necessary initial grievance.  *See, e.g.*, Dkt. No. 114 at 14-15

(stating, *inter alia*, that "the District Court should draw an inference that Plaintiff's Exhibit 1 is

grievance 363-20").[3]  With respect to the second factual question, Magistrate Judge Katz

recommends finding that Plaintiff did not file any appeal with CORC.  *Id.* at 24 ("Now, the question

---

[3] The Court notes that Plaintiff's Exhibit 1 is, in both form and substance, a complaint to DOCCS' Office of Special Investigations ("OSI") related to the incident in question.  Plaintiff well knew the difference between a complaint submitted to OSI and a grievance submitted to the IGRC.  *See* Dkt. No. 110 at 75:13-76:2.  But it is possible to infer from the existence of Plaintiff's Exhibit 1, which is stamped "Received" by OSI, coupled with Plaintiff's testimony concerning his grievance submission practices, *id.* at 70:5-76:9, that Plaintiff also submitted a grievance to the IGRC.

is whether [Plaintiff] accessed the third step of DOCCS' grievance policy.  He did not.  [Plaintiff] has length history of appealing decisions to C.O.R.C.  But there is no evidence that [Plaintiff] appealed grievance 363-20 to C.O.R.C. . . . So the Court finds that [Plaintiff] did not access the third step of DOCCS's grievance policy.") (citations omitted).  Because no party has filed any objection to the Report-Recommendation, the Court reviews these findings for clear error, and finds none.  As there is no factual dispute that Plaintiff failed to exhaust his administrative remedies, Defendant is entitled to judgment as a matter of law.  *Moreau v. Ellsworth*, No. 21-2997, 2023 WL 3477153, at *2 (2d Cir. May 16, 2023) (summary order) ("To exhaust administrative remedies, an inmate must avail himself of 'all steps that the prison grievance system holds out, and do so properly (so that the prison grievance system addresses the issues on the merits).'") (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)) (emphasis and brackets omitted).

To the extent that the Report-Recommendation, which includes a lengthy and thorough analysis, contains additional recommendations that are contrary to this result, the Court finds clear error in two important respects.  First, Plaintiff was required to exhaust his remedies as to his First Amendment retaliation grievance via the typical three-step grievance process, not via the disciplinary appeals process.  *See Fox v. Cruz*, No. 22-2916, 2023 WL 7481423, at *2 (2d Cir. Nov. 13, 2023) (summary order) ("[Plaintiff] also argues that he was not required to use the three-step grievance process to exhaust the claims arising from one of the three grievances because they relate to a disciplinary hearing.  To be sure, a prisoner alleging due process violations in a disciplinary hearing exhausts his administrative remedies by directly appealing the hearing.  But neither [plaintiff]'s grievance nor his federal complaint challenges the disciplinary hearing itself. . . . [Plaintiff] was thus required to administratively exhaust [his] retaliation and harassment claims through the three-step grievance process before pursuing those claims in federal court.")

(citing *Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009)).  Thus, it was clear error for Magistrate Judge Katz to conclude that Plaintiff had exhausted his remedies with respect to the First Amendment retaliation grievance by completing the disciplinary appeals process*, see* Dkt No. 114 at 22, particularly given the record evidence that Plaintiff actively pursued both the disciplinary appeals process with respect to his misbehavior report and, separately, the grievance process with respect to his First Amendment claim, *see, e.g.*, *id.* at 2-3, 26-28.

Even if, as Magistrate Judge Katz suggested in the Report-Recommendation, Plaintiff's retaliation grievance was misclassified as related to a Tier II misbehavior report and later closed, Plaintiff's recourse would have been to file a separate grievance for "improper process of grievance," which allows the Superintendent or CORC to reopen the previous grievance.  Dkt. No. 110 at 42:4-44:1; *see also* Def. Exh. 1 at 9 (N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(b)(4)(iii)). There is no evidence in the record that Plaintiff filed such a grievance.  Moreover, as Magistrate Judge Katz found in the Report-Recommendation, there is also no evidence to support the notion that Plaintiff appealed his retaliation grievance to CORC, which is the third step of the three-step grievance process.  Def. Exh. 3; Dkt. No. 67-2 at 33; Dkt. No. 114 at 24 ("[T]he Court finds that [Plaintiff] did not access the third step of DOCCS' grievance [process].").  Because the record evidence shows that Plaintiff failed to follow the three-step process to its conclusion, it was clear error for Magistrate Judge Katz to conclude that Plaintiff exhausted his remedies.

Second, Magistrate Judge Katz's suggestion that the grievance process was not available to Plaintiff is also clearly erroneous.  As an initial matter, and as detailed above, this contradicts the finding in the Initial Report-Recommendation that the grievance process was available to Plaintiff.  Dkt. No. 75 at 27 ("No trier of fact could look at the record and conclude anything else.").  As a result, Magistrate Judge Katz recommended an exhaustion hearing to address the

6

issue of whether Plaintiff had exhausted his administrative remedies, not whether they were available, having already made a finding on the latter issue. *Id*. at *31-32. The Court adopted both the finding that the grievance process was available to Plaintiff and the recommendation as to the exhaustion hearing. Dkt. No. 77 at 6-10. This is the law of the case, and the Court sees no reason to revisit the ruling. *Trucking Ass'n of N.Y. v. Metro. Transport. Auth.*, 24-cv-4111 (LJL), 2026 WL 672986 at *8 (S.D.N.Y. Mar. 10, 2026) ("The law of the case doctrine, although not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent or compelling reasons, including *inter alia,* the need to correct a clear error or prevent manifest injustice.") (quoting *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011)) (internal quotations omitted).

Moreover, even if the Court were to revisit the ruling, the hearing evidence confirms that the grievance process was available to Plaintiff. Plaintiff was familiar with each step of the three-step grievance process and had used it repeatedly. *See* Dkt. No. 110 at 84:8-85:7; Def. Exh. 3. Magistrate Judge Katz detailed Plaintiff's testimony regarding the "specific process he uses when writing grievances." Dkt. No. 114 at 9. As of October 7, 2022, Plaintiff had appealed forty-nine grievances to CORC, including six appeals while he was at Great Meadow. *See* Dkt No. 110 at 64:14-21; Dkt. No. 110 at 84:25-85:7; Def. Exh. 3. In addition, as Magistrate Judge Katz found in the Report-Recommendation, Plaintiff believed that the normal three-step grievance process, and not the disciplinary appeal process, applied to his retaliation grievance. Dkt. No. 114 at 21 ("[Plaintiff's] actions . . . seem to indicate that he believed the normal grievance procedure applied."); *id.* at 28 ("[Plaintiff] viewed his grievances as needing to follow the normal grievance process."). Moreover, it was uncontested that Plaintiff successfully completed the second step of this process when he submitted correspondence to the IGRC seeking to appeal his grievance to the

7

superintendent. *Id.* at 27-28 (quoting Def. Exh. 8); Dkt. No. 110 at 66:24-67:5; 67:18-25. Thus, the hearing evidence demonstrated that Plaintiff was utilizing the correct process and that it was available to him. It was therefore clear error for Magistrate Judge Katz to suggest that the record established otherwise. *See, e.g.*, Dkt. No. 114 at 31.

In sum, the Report-Recommendation correctly found that Plaintiff had failed to appeal his grievance to CORC. As a result, Plaintiff failed to exhaust his available administrative remedies, and Defendant is entitled to judgment as a matter of law. To the extent the Report-Recommendation contains recommendations contrary to this result, they are rejected as clearly erroneous.

## IV.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 114, is **ACCEPTED in part and REJECTED in part**, as set forth in Section III of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's claim against Defendant Jones is **DISMISSED** because Plaintiff failed to exhaust his available administrative remedies; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: March 20, 2026
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge